ELLIS, Judge.
This suit was filed by Mrs. Eula B. Rothe against Hugh Lee White and Hardware Mutual Casualty Company, his automobile insurer, as the result of a collision between the automobiles of plaintiff and defendant on the 6th of April, 1961 at approximately 11:25 A.M. Eula B. Rothe had been driving her automobile southward in the City of Baton Rouge on North 38th Street and when she reached an entrance into the Choctaw Village parking lot turned left from North 38th Street in a southeasterly direction into the parking lot of the shopping center known as Choctaw Village. As she entered into the area in the parking lot designated by large yellow arrows for southerly traffic driving parallel to North 38th Street the left door was struck by the vehicle driven by defendant. Just prior to the accident defendant was driving approximately ten miles per hour in the parking lot area designated by large yellow arrows for vehicular traffic driving south parallel to North 38th Street.
The plaintiff has sued for damages for personal injuries and for property damage to her automobile resulting from this collision. The defendants filed an answer generally denying the primary allegations of the plaintiff’s petition and specifically alleged that the accident was caused solely by the negligence on the part of the plaintiff in failing to see what she should have seen, and in the alternative pleaded the contributory negligence of the plaintiff.
The case was duly assigned for trial and after considering the evidence introduced at the trial and the testimony of the witnesses, the court rendered judgment dismissing the demands of the plaintiff at plaintiff’s costs. From this judgment the plaintiff was granted a devolutive appeal.
The plaintiff-appellant assigned as errors the following, to-wit:
“ASSIGNMENT OF ERRORS
“THE LOWER COURT ERRED:
“1. In its interpretation of the existing intersectional law by finding that the law and the evidence was in favor of the defendant-appel-lee.
“2. In the absence of local ordinance regulating traffic, the driver of a *331 vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway; the trial court erred in finding that the right of way belonged to the defendant-appellee.
“3. When two vehicles enter the intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right; the trial court was in error by finding that defendant-appellee had the right of way.
“4. By not finding that the defendant-appellee, due to his advantageous view was responsible for the injuries caused by his negligence as defendant-appellee had the only opportunity to avoid the accident sued upon.
“5. In its interpretation of the traffic control plan that the management of the shopping center laid out by a series of yellow lines which were intended to govern traffic in the parking lot.”
It is clear from the above Assignment of Errors that counsel for the plaintiff bases his entire case upon the contention that the collision occurred in an intersection and is therefore governed by the law and jurisprudence controlling traffic at intersections. We find in counsel’s brief in support of his contention the following:
“A. This accident actually happened at an intersection. The Revised Statutes makes these definitions:
“(1) LSA R.S. 32:1 (19)
“ ‘Intersection’ means:
“(a) The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which' join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.
“(b) Where a highway includes two highways thirty feet or more apart, then every crossing of each highway of such divided highway by an intersecting highway shall be regarded as a separate intersection. In the event such intersecting highway also includes two highways thirty feet or more apart, then every crossing of two highways of such highways shall be regarded as a separate intersection.
“(2) LSA R.S. 32:1 (17)
“ ‘Highway’ means:
The entire width between the boundary lines of every way or place of whatever nature publicly maintained and open to the use of the public for the purposes of vehicular travel, including bridges, causeways, tunnels and ferries.
Therefore it can be said that the place of the accident was ‘open to the use of the public for the purposes of vehicular travel’ and therefore an intersection, and the rules in the Revised Statutes dealing with intersections should be applied to this situation in the absence of law dealing with the particular circumstances involved.
“B. LSA R.S. 32:121 was designed to govern accidents in unregulated intersections. The Revised Statute reads as follows:
“a. The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.
“b. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall *332 yield the right of way to the vehicle on the right. (Emphasis supplied)
“c. The right of way rules declared in Sub-section A and B are modified at through highways and as hereinafter stated in this part.”
It might he well to re-emphasize the fact that just prior to the accident plaintiff was traveling south on North 38th Street in the City of Baton Rouge which is “publicly maintained and open to the use of the public for the purpose of vehicular travel * * whereas the defendant was traveling south parallel to North 38th Street within the private parking lot known as Choctaw Village on a way or place designated for travel within the lot in a southerly direction which was privately owned and maintained and open to the use of customers wishing to use the commercial facilities operated within the private square. The street and private way were separated by a twelve foot shoulder within which is also located a drainage ditch. The plaintiff upon arriving at the entrance from North 38th Street turned to her left, traversed the twelve feet without making any observation whatsoever, and the defendant did the same thing- — made no observation and never saw the plaintiff until he was within four to six feet of the point of collision, which was approximately eighteen feet from the east curb line of the entrance. Plaintiff intended to go south to transact business at the bank located within the shopping area and had never straightened her car out as she was struck around the door on the left hand side of the defendant’s car, and therefore was traveling in a southeasterly direction at the point of contact.
This accident did not occur in any intersection as contemplated by the definition in the authorities cited from plaintiff’s brief, supra, as an intersection under those definitions means a way or place embraced within the lines of a highway and a highway is defined as every way or place of whatever nature publicly maintained, and open to the use of the public for purposes of vehicular travel, etc., whereas this accident occurred in a privately maintained right of way, which was not open to the use of the public in the same sense as a public highway or road. It was intended to be used by any member of the public who wished to transact business within any of the establishments located within the Choctaw Village shopping center. Therefore, the many authorities, with which we are in entire accord, cited by counsel for plaintiff in his brief are not applicable or controlling in a decision of this case.
This case involves a left turn from a public street into a semi-public or private driveway and is therefore not unlike a motorist traveling south on a four lane highway who decides to change from the right hand lane provided for traffic traveling in a southerly direction to the left hand lane. The burden under the law, without the need of citation, is upon the motorist changing lanes, and if we consider this case strictly as a left turn authorities are unnecessary to the effect that the motorist making such a turn is charged with the absolute duty of seeing that it can be safely executed without interfering with traffic approaching from the rear.
The facts do not prove that the defendant has the last clear chance, and without going into a detailed discussion of the facts but after a careful review of the record, we are satisfied from the evidence that the plaintiff was guilty of contributory negligence which was the proximate cause of the accident and which bars her recovery. She had every opportunity, without any obstruction, of observing the defendant and was under a duty to do so and had she done so she would have known that it was impossible for her to safely make a left turn.
For the above and foregoing reasons the judgment of the District Court is affirmed at the cost of the plaintiff.
Affirmed.