HALL, Judge.
Plaintiff sued Petitfils & Williams, Inc. and its public liability insurer for' personal injuries and property damage resulting' from a vehicular accident in which an' automobile owned and operated' by plain-tiff was struck in the middle of the left side by a truck belonging to the defendant, Petitfils & Williams, Inc., and. being driven by one of its employees. .Judgment on the merits was rendered in favor of plaintiff against both defendants in solido in the sum of $3,185.80 and defendants appealed.
The accident occurred about 2:30 P.M. on January 3, 1963 in the parking lot of Schwegmann’s Supermarket located on the Airline Highway in Jefferson Parish. The supermarket faces the Airline Highway on the south and extends back in a northerly direction to a street in the rear. There is an extensive concrete paved area in' front and on both sides of the building which is maintained by the store as a parking lot for its customers. The accident took place in that part of- the parking lot which is located alongside the eastern or New Orleans side of the building. This part of the lot is open both to the Airline Highway in front and to the street in the rear of the store and accommodates the angular parking of three ranks or rows of automobiles extending parallel to the side of the store from the highway in front to the street in the rear. The first of these rows of parking stalls is next to the store and the third row extends along the outer or easternmost edge of the paved area. There is another row running between them down the middle. Traffic lanes which extend' from the highway to the rear' street are maintained between the parking rows.
Off the paved area and immediately to the east of the third row is an open strip covered with shells which is also owned by Schwegmann.. This strip is not used for parking ,but is frequently used by delivery trucks to get from the highway to the rear of the store.
Shortly before the accident Irving McBride, driver of the Petitfils & Williams truck, having completed delivery of some produce to the rear of the store, was returning towards the highway on the shelled strip. His intention was to go to Labarre Road which crosses the highway a short distance west of the supermarket. Upon discovering an unoccupied space in *146 the third row of parked automobiles just large enough to get his truck through, McBride made a right turn between the parked cars intending to go through the parking lot in front of the store and thence to Labarre Road. At the same time plaintiff, who had also made a delivery to the supermarket, was returning from the rear of the store driving his Mercury sedan toward the Airline Highway in the traffic lane separating the middle and third rows of parked vehicles.
When plaintiff arrived opposite the gap where McBride was going through the row of parked vehicles the truck emerged from between two parked cars and struck plaintiff’s automobile squarely in the middle of the left side causing personal injuries to plaintiff and damage to his car.
The driver of the truck who was blind in his right eye. testified that when he came through the gap between the parked cars he stopped and looked to the left. Seeing nothing he put his truck in gear and started forward. At that time he turned his head around and looked to the right and saw plaintiff’s, automobile about four feet away. Plaintiff testified that he was traveling about seven miles per hour and that he did not.see the truck emerge from between the parked cars until it was two or three feet away.
The Trial Judge held that, the truck driver was negligent in pulling out into the traffic lane at a place not designated or used as a roadway and in not looking in both directions. The record leaves no doubt as to the truck driver’s negligence, and in fact his negligence was conceded by defendants’ counsel in argument.
The sole issue posed for our consideration is defendants’ contention that plaintiff was guilty of contributory negligence by reason of the fact that he was driving in the wrong direction in violation of directional arrows painted on the surface of the lane in which he was travelling.
Although the record shows that directional arrows had been painted on the surface of this traffic lane some months before the accident, the overwhelming weight of the testimony of the witnesses present at the scene is that there were no such arrows visible at the time of the accident.
In corroboration of this Mr. John F. Exnicious, a traffic engineer, testified that he had for some years been hired by the supermarket owners to paint and maintain these signs; that the arrows had last been painted seventeen months before the accident; that they normally do not last more than twelve to eighteen months; that the arrows on the east portion of the parking area (where the accident occurred) wore more quickly than the others because of its proximity to the shelled area; and that he often had to sweep the surface carefully in order to find the arrows when repainting.
Plaintiff testified that he had been delivering to Schwegmann’s for a considerable period of .time and that he constantly used this traffic lane in both directions. His testimony, and that of his niece who always accompanied him, was that the traffic aisle was generally used by persons going in both directions regardless of whether the arrows were visible or not.
However regardless of whether the directional signs were visible on the date of the accident, and if not, regardless of whether plaintiff knew or should have known that the supermarket owners intended that the lane should be used in one direction only, we cannot find plaintiff guilty of contributory negligence unless we hold that a violation of such a traffic sign is negligence per se. This we cannot do. The violation of a private regulation is in no manner comparable to the violation of a state statute or municipal ordinance.
We are aware of the provision of the Highway Regulatory Act of 1962 (See *147 LSA-R.S. 32:25) which permits the owner of premises such as are involved here to regulate their use by the public as may seem best to such owner, and permits such owner to require other or different or additional conditions than those specified in the statute. But the statute does not give such owner regulations the effect of law, nor does it provide any penalties for violation thereof, and it is clear that none of the provisions of the Highway Regulatory Act are applicable to private premises. (See LSA-R.S. 32:1(17); Rothe v. White, La.App., 158 So.2d 329.)
We are of the opinion that plaintiff was not guilty of contributory negligence and that the truck driver’s negligence was the sole proximate cause of the accident.
No issue has been made as to quantum.
For the foregoing reasons the judgment appealed from is affirmed, costs of this appeal to be borne by defendants-appellants.
Affirmed.