308 So.2d 863 (1975)
Jerry N. GREEN
v.
DEPARTMENT OF PUBLIC SAFETY of the State of Louisiana.
No. 6644.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
*864 Tucker, Schonekas & Garrison, Gibson Tucker, Jr., New Orleans, for plaintiff-appellant.
Foye L. Lowe, Jr., Baton Rouge, for defendant-appellee.
Before SAMUEL, STOULIG and BEER, JJ.
SAMUEL, Judge.
Plaintiff instituted this suit against the Department of Public Safety for injunctive relief to prevent enforcement of a Department order (issued under the provisions of the implied consent law, R.S. 32:661 et seq.) suspending his driving license and registration privileges for his refusal to submit to an alcoholic analysis test. Following trial, judgment was rendered in favor of the Department affirming its order. Plaintiff has taken this suspensive appeal from that judgment.
The record reflects plaintiff was observed weaving in traffic while driving on Dumaine Street in New Orleans. Arrested by two police officers for driving while intoxicated, he was asked to submit to a toxometer test. He was informed his driving privileges could be suspended if he refused. After requesting an opportunity to first consult with an attorney, which request was denied, he refused to take the test.
Subsequently, plaintiff received from the Department written notice of his suspension. The notice advised him of his right to request a hearing. He requested a hearing and on the date set therefor he and his attorney appeared before one of the Department's local hearings examiners. Prior to the opening of the hearing, plaintiff's attorney filed what he titled a motion to quash, which included an exception to the jurisdiction of the Department. It also included other additional matters, with a reservation of plaintiff's rights under the jurisdictional exception. The hearing examiner took the position he would refer the entire motion to quash to the Department's attorneys. He then requested that plaintiff sign a printed statement.[1] Plaintiff's attorney refused to allow his client to sign the statement. No further action was taken regarding the hearing and three days thereafter plaintiff was notified of the Department's decision affirming the suspension order.
In the trial court the first issue considered was whether plaintiff had been afforded an opportunity for an administrative hearing in accordance with pertinent statutory provisions. The trial judge was of the opinion such an opportunity had not been afforded and, for the purpose of meeting the requirements of due process, he proceeded to hear the case de novo so as to give all parties a full opportunity to be heard. At the completion of the hearing judgment was rendered as above set forth.
We consider these three basic contentions made by the appellant in this court: (1) the implied consent law, R.S. 32:661 et seq., is unconstitutional; alternatively, (2) the Department and the courts are without jurisdiction in this case because the infraction occurred on a city street to which that law is not applicable; and, also alternatively, (3) as appellant was not afforded an opportunity for an administrative hearing, *865 the trial court was without authority to conduct a hearing de novo.
In connection with the first contention, appellant argues the statute is unconstitutional because it does not meet due process requirements in that it permits suspension before giving an opportunity to be heard, and in that it deprives a person of his right to remain silent and to consult an attorney before he submits, or refuses to submit, to the test. We do not agree.
The first part of the argument is based on language found in the United States Supreme Court case of Bell v. Burson,[2] which, insofar as is applicable here, in effect states due process requires notice and opportunity for hearing must be afforded before suspension of a driver's license becomes effective.[3] The same arguments regarding constitutionality, both as to hearing and the right to counsel before submitting or refusing to submit to the test, were recently made before this court in Harrison v. State, Dept. of Pub. Safety, Driv. Lie. Div.[4] In Harrison we rejected both arguments and upheld constitutionality on the ground that, as pointed out in detail in the opinion: (1) under our implied consent law suspension does not become effective until after notice and an opportunity for an administrative hearing, subject to judicial review, has been afforded, thus placing the law within the Burson pronouncement;[5] and (2) the suspension of driving privileges for a given period of time from motorists found driving while intoxicated, as in the instant case, is a civil sanction to which the Miranda requirements are not applicable. We adhere to our holdings in Harrison.
Nor do we agree with the second contention in which appellant argues the implied consent law is limited in its application to driver's operating motor vehicles only upon the "public highways of this state" as expressed in R.S. 32:661,[6] and the phrase "public highways of this state" does not include city streets. The argument is based on the assertion that the definition of the word "highway" contained in R.S. 32:1(17),[7]" upon which the Department relies, while sufficiently broad so as to include streets within municipalities, is inapplicable because that definition, which appears in Section 1 of Chapter 1 of Title 32, is restricted by the first paragraph of that section to definitions of words and phrases used in "this Chapter",[8] i. e., Chapter 1 of Title 32, and the implied consent *866 law (R.S. 32:661 et seq.) is contained in Chapter 3 of Title 32.
As Chapter 3 of Title 32 does not contain a definition of "public highways", we must look elsewhere for the definition of the phrase. The implied consent law was first enacted in 1968, subsequent to the enactment of the definition in R.S. 32:1 (17). It was added to Chapter 3, which is entitled "Miscellaneous Provisions" as a new part, Part XIV, thereof. In our opinion, when the legislature enacted the implied consent law and used the words "public highways" as contained in R.S. 32:661, it must have had in mind the definition of "highway" contained in R.S. 32:1(17), or the equivalent thereof. It appears clear to us that the legislature could not have intended that the statute include only state highways, or highways maintained only by the state, or some other similarly restricted meaning of the words in question; to so restrict the implied consent law and exclude therefrom all other public thoroughfares, including streets in municipalities, would emasculate it to such an extent it could not achieve its obvious purpose, which was to protect the public safety by eliminating, or at least decreasing, the number of intoxicated drivers upon all of our public thoroughfares. Accordingly, our conclusion is that R.S. 32:661 includes and applies to persons operating motor vehicles upon city streets.
Appellant's third and final contention, relative to his complaint that he had not been afforded the opportunity for the requested administrative hearing, does have merit. As we have pointed out, the hearing examiner did not decide appellant's exception to his jurisdiction or the other matters contained in the motion to quash. Instead, he took the position he would refer the entire motion to the Department's attorneys. He then requested that appellant sign the printed statement quoted in footnote 1 of this opinion. Appellant's attorney refused to comply with that request, apparently for the reason that compliance might constitute a waiver of his exception to the jurisdiction. As we understand the testimony given by the examiner during the trial in the district court, Department procedure required that the person who requested the hearing sign the statement prior to the beginning of the hearing so that later he could not effectively deny he was present at the hearing. As we further understand the examiner's testimony, because of either his decision to refer the motion to quash to the Department's attorneys, or of the refusal to sign the statement, or because of both, he did not proceed with the hearing following that refusal.
Under these circumstances we agree with the trial judge's conclusion that appellant had not been afforded an opportunity for the administrative hearing provided by the implied consent law.[9] *867 However, we cannot agree the error can be cured by a trial de novo in the reviewing court. The statute requirement as to a hearing is mandatory, as shown by the use of our emphasized word "shall" in R.S. 32:668 opportunity for a hearing must be afforded, and the Department cannot order the suspension until after affording the opportunity for the hearing.
For the reasons assigned, the judgment appealed from is annulled and set aside and this matter is remanded to the trial court solely for the purpose of issuing, and the trial judge is directed to issue, a preliminary injunction against the defendant, enjoining and prohibiting it from forcing the surrender of plaintiff's driving license, registration plates, or registration certificates until he has been afforded a proper opportunity for a hearing in accordance with R.S. 32:668 and until there has been a compliance with all other pertinent provisions of the implied consent law (R.S. 32:661 et seq.).
Annulled, set aside, and remanded.
NOTES
[1] The statement reads:

The following statement was read to Jerry N. Green and his signature is affixed hereto.
This hearing is being held pursuant to the provisions of Louisiana revised statute R.S. 32:668. You were notified on October 5, 1973 that in accordance with your request this hearing was scheduled to afford you an opportunity to present any facts, evidence and/or witnesses (including the arresting officer) in your behalf of show cause as to why this Department should not impose the suspension of your driving and/or registering privileges for refusing to submit to a chemical analysis test for the determination of the alcoholic content of your blood.
[2] 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90.
[3] The language reads: "* * * [I]t is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford `notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective. * * *" Bell v. Burson, 91 S.Ct. at 1591.
[4] La.App., 298 So.2d 312.
[5] Also in point on the question of notice and hearing are Whitaker v. State, Dept. of Pub. Safety, Driv. Lic. Div., La.App., 264 So.2d 725 and Smith v. Department of Public Safety, La.App., 254 So.2d 515.
[6] In pertinent part LSA-R.S. 32:661 subd. A reads:

"Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of R.S. 32:662, to a chemical test or tests of his blood, breath, urine or other bodily substance for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered." (Emphasis ours).
[7] LSA-R.S. 32:1(17) reads: "Highway' means the entire width between the boundary lines of every way or place of whatever nature publicly maintained and open to the use of the public for the purpose of vehicular travel, including bridges, causeways, tunnels and ferries."
[8] "When used in this Chapter the following words and phrases have the meaning ascribed to them in this Section, unless the context clearly indicates a different meaning." LSA-R.S. 32:1.
[9] The pertinent statute reads:

A. Upon suspending the license or permit to drive or nonresident operating privilege of any person, or upon determining that the issuance of a license or permit shall be denied to the person, the state department of public safety shall immediately notify the person in writing and upon his request shall afford him an opportunity for a hearing in the same manner and under the same conditions as is provided in R.S. 32:414 for notification and hearings in the case of suspension of licenses, except that the scope of such a hearing for the purposes of this part shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages, whether the person was placed under arrest, whether he was warned by the officer as provided in R.S. 32:661(C) and whether he refused to submit to the test upon the request of the officer. After the hearing the department of public safety shall order that the suspension or determination that there should be a denial of issuance either be rescinded or sustained. Provided, however, if there is a finding that the person was not informed of the results of refusing to take the test, then his license or permit to drive or nonresident operating privilege shall not be suspended.
B. If the suspension or determination that there shall be a denial of issuance is sustained after such a hearing, the person whose license or permit to drive or nonresident operating privilege has been suspended or to whom a license or permit is denied shall have the right to file a petition in the appropriate court for a review of the final order of suspension or denial by the State Department of Public Safety in the same manner and under the same conditions as is provided in R.S. 32:414 in the cases of suspension, revocation and cancellation of licenses. LSA-R.S. 32:668 (Emphasis ours).