GULOTTA, Judge.
This litigation arises out of an automobile accident in the private parking lot area of Schwegmann’s Super Market on Veterans Highway in Jefferson Parish. When exiting the parking lot area in a northerly direction on a one-lane roadway between angular parked vehicles, Ruth Roig’s automobile was broadsided by a car, driven by Charlene Brooks, which was traveling in a westerly direction in a two-lane roadway in the parking lot area. Plaintiff’s lane of traffic was burdened with the word “Stop” painted on the cement at the intersection with the two-lane roadway, indicating the right-of-way in favor of traffic traveling on the two-lane roadway.
From a judgment in favor of plaintiff individually and on behalf of her twelve-year-old, a passenger in her vehicle, defendants appeal. Liability is in issue; quantum is not.
It is defendants’ contention that the trial judge erred in finding negligence on the part of Charlene Brooks and in exonerating Ruth Roig from negligence. According to defendants, despite the occurrence of the accident on private property, the applicable law is the Highway Regulatory Act, R.S. 32:1 et seq., which provides, in pertinent part:
“§ 123. Stop signs and yield signs.
A. Preferential right of way at an intersection may be indicated by stop signs or yield signs.
B. Except when directed to proceed by a police officer or traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.
C....”
Defendants further claim that plaintiff was traveling in the wrong direction in the one-lane traffic roadway against the flow of traffic, failed to obey the stop sign painted on the cement, and came into the intersection at a speed of approximately 25 to 30 miles per hour.
We reject these contentions. Accordingly, we affirm.
In Paul v. Petitfils & Williams, Inc., 174 So.2d 144 (La.App. 4th Cir. 1965), writ refused, 247 La. 1038, 175 So.2d 647, (1965), we stated that none of the provisions of the Highway Regulatory Act is applicable to private premises. Like our case, the Paul case involved a two-vehicle collision in a Schwegmann parking lot. See also, Blanco v. Travelers Ins. Co., 350 So.2d 1252 (La.App. 4th Cir. 1977); Chaney v. Brumfield, 333 So.2d 256 (La.App. 1st Cir. 1976); Gatheright v. State Farm Mut. Auto. Ins. Co., 352 So.2d 428 (La.App. 3rd Cir. 1977).
Assuming, however, that the Highway Regulatory Act is applicable to private premises, the trial judge was confronted with contradictory versions surrounding the occurrence of the accident. Plaintiff and her passenger son testified that she was driving in the proper direction in the one-lane traffic roadway in the direction of Veterans Highway, that she stopped in obedience to the painted stop sign, and that she looked both ways, saw nothing coming, and proceeded slowly across the intersection when her automobile was struck by the Brooks vehicle. Neither driver saw the other automobile until immediately prior to impact.
Defendants’ version of the accident — as testified to by Charlene Brooks, her husband Charles and a third occupant of the Brooks’ vehicle — was that defendants’ auto *1258 mobile had left the Lakeside Cinema Thea-tre, had come on to the Schwegmann’s parking lot, and was crossing the lot on the two-lane traffic roadway to Division St., the first street on the westside of the Schwegmann’s parking area, when plaintiff’s vehicle “came flying in front of” the Brooks automobile. Charles Brooks acknowledged that the speed of his automobile was approximately 25 miles per hour and Charlene Brooks testified that she was traveling at a speed between 20 and 25 miles per hour.
A deputy sheriff who investigated the accident scene also testified that the Roig vehicle was going in the wrong direction. His testimony and report were based primarily on debris at the scene, however, and the effect of his conclusion as to direction was minimized by Charles Brooks’ testimony that the Roig car spun around approximately one-and-one-half times after impact.
Although no reasons for judgment were assigned by the trial judge, it is clear that he accepted plaintiff’s version of the accident and rejected defendants’. It is clear also that the trial judge further concluded that the sole and proximate cause of the accident was the excessive rate of speed of the Brooks automobile through a crowded parking lot area where automobile move in different directions with drivers concentrating on locating parking spaces rather than on approaching automobiles. We cannot say, as we consider the testimony in this case, that the trial judge erred in his factual or legal conclusions. Had the driver of the Brooks automobile not used the Schwegmann’s parking area as a roadway to traverse from one street to another at a dangerous speed of approximately 25 miles per hour, this accident would not have occurred. Finding no error in the judgment of the trial court, we affirm.
AFFIRMED.