CARTER, Judge.
The sole issue is whether LSA-R.S. 32:661, the implied consent statute, is applicable to the operation of a vehicle on a public parking lot.
FACTS
On November 18, 1989, relator, Erik S. Lorenz, was arrested and charged with driving a vehicle while intoxicated, (DWI), in violation of LSA-R.S. 14:98, and reckless operation of a vehicle, in violation of LSA-R.S. 14:99.
Relator entered a plea of not guilty and filed a motion to suppress the results of the chemical test for intoxication on the grounds that the results of the test were obtained in contravention of the implied consent law, LSA-R.S. 32:661.[1] At the motion to suppress hearing, the parties stipulated the following facts:
A. (1) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of R.S. 32:662, to a chemical test or tests of his blood, breath, urine, or other bodily substance for the purpose of determining the alcoholic content of his blood and the presence of any abused or illegal controlled dangerous substance as set forth in R.S. 40:964 in his blood. (Emphasis added).
(1) Relator was operating a vehicle on an LSU parking lot when he was arrested for driving while intoxicated;
(2) Relator did not sign the written consent to take a breath test; and
(3) The breath test was administered and revealed that relator registered above the 0.10 blood alcohol level.
After argument, the trial court denied the motion to suppress, indicating that there was no allegation that relator had been coerced to take the test, nor was there any allegation of impropriety by the arresting authorities. The trial court found that the application of the implied consent law to the operation of a motor vehicle on the public parking lot of the LSU stadium was warranted when reading LSA-R.S. 32:661 and LSA-R.S. 14:98.
After denial of the motion to suppress, relator entered a Crosby plea of guilty, reserving his right to seek review of the trial court’s ruling denying the motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976). Because of the res nova issue involved, this court granted this writ of review.
DISCUSSION
Relator contends that the implied consent law applies only to the operation of a motor vehicle on the “public highways of this state” and not to the operation of a motor vehicle on a public parking lot. Relator reasons that a public parking lot falls outside the meaning of “public highways,” and since his consent to the test cannot be implied, the test results were inadmissible.
The law is clear that one can be convicted of DWI when he operates his vehicle only on a private parking lot and not on a public street or highway. State v. Landeche, 447 *364 So.2d 1201, 1202 (La.App. 5th Cir.1984). We find no language in LSA-R.S. 14:98 restricting its application to offenses on public highways. In fact, evidence of driving while intoxicated, even in a neighbor’s yard, would constitute some evidence of the offense. State v. Layssard, 310 So.2d 107, 110 (La.1975).
While one may be convicted of DWI, regardless of where he operates his motor vehicle, the issue remaining is whether the implied consent law is applicable regardless of where he operates his motor vehicle.
While the courts have been reluctant to apply certain provisions of the Highway Regulatory Act, LSA-R.S. 32:1 et seq., to private parking lots,[2] existing jurisprudence offers little guidance regarding the applicability of the provisions of the Driver’s License law, LSA-R.S. 32:401 et seq., and specifically the implied consent law, to public parking lots. In Green v. Department of Public Safety, 308 So.2d 863 (La.App. 4th Cir.1975), our brethren of the Fourth Circuit discussed the applicability of the implied consent law statute to a city street, disagreeing that the statute is limited to the operation of motor vehicles on state public highways. The court stated:
In our opinion, when the legislature enacted the implied consent law and used the words “public highways” as contained in R.S. 32:661, it must have had in mind the definition of “highway” contained in R.S. 32:1(17), or the equivalent thereof. It appears clear to us that the legislature could not have intended that the statute include only state highways, or highways maintained only by the state, or some other similarly restricted meaning of the words in question; to so restrict the implied consent law and exclude therefrom all other public thoroughfares, including streets in municipalities, would emasculate it to such an extent it could not achieve its obvious purpose, which was to protect the public safety by eliminating, or at least decreasing, the number of intoxicated drivers upon all of our public thoroughfares. Accordingly, our conclusion is that R.S. 32:661 includes and applies to persons operating motor vehicles upon city streets. (Emphasis added).
308 So.2d at 866.
Therefore, we must decide whether the parking lot at the LSU stadium is a “public highway” within the meaning of LSA-R.S. 32:661. The stadium parking lot is comprised of streets or lanes and parking spaces. Streets are a means of access to and egress from the parking spaces of this public parking lot.
LSA-R.S. 32:1(25) defines “highway” as follows:
“Highway” means the entire width between the boundary lines of every way or place of whatever nature publicly maintained and open to the use of the public for the purpose of vehicular travel, including bridges, causeways, tunnels and ferries; synonymous with the word “street.” (Emphasis added).
By Acts 1978, No. 433, § 1, the Highway Regulatory Act was amended to define “parking area.” LSA-R.S. 32:1(95) defines “parking area” as:
[A]n area used by the public as a means of access to and egress from, and for the free parking of motor vehicles by patrons of a shopping center, business, factory, hospital, institution, or similar building or location.
Clearly, the lanes of this public parking lot, if not the spaces themselves, provide access to and from the parking spaces and are “publicly maintained and open to the use of the public for the purpose of vehicular travel.” As such, by operating a motor vehicle in this area, relator is subject to the implied consent law.
CONCLUSION
For the above reasons, the writ of certio-rari issued by this court in this cause is herein recalled, and the judgment of the trial court is affirmed.
*365 WRIT RECALLED, JUDGMENT AFFIRMED.

. LSA-R.S. 32:661 provides, in pertinent part, as follows:

. See Roig v. Brooks, 405 So.2d 1256 (La.App. 4th Cir.1981); Chaney v. Brumfield, 333 So.2d 256 (La.App. 1st Cir.1976); Paul v. Petitfils & Williams, Inc., 174 So.2d 144 (La.App. 4th Cir.), writ refused, 247 La. 1038, 175 So.2d 647 (1965).