310 So.2d 107 (1975)
STATE of Louisiana
v.
Amos LAYSSARD, Jr.
No. 55604.
Supreme Court of Louisiana.
March 31, 1975.
*108 James D. Davis, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, III, Dist. Atty., J. Edward Hines, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was charged by bill of information with second offense drunk driving. The case came to trial on June 27, 1974 and the trial judge found the defendant guilty as charged. Defendant subsequently was sentenced to pay a fine of $350.00 plus court costs and to serve one hundred twenty-five days in the parish prison. During the trial the defendant reserved five bills of exceptions and a sixth bill was reserved when the trial judge denied a motion for a new trial and a motion in arrest of judgment. All of these bills have been perfected and argued on this appeal. Finding no merit in any of the bills of exceptions, we affirm the sentence and conviction.

Bill of Exceptions No. 1
The trial judge refused the request of defense counsel to require the prosecutor to make an opening statement. To this ruling the defendant reserved his first bill of exceptions.
C.Cr.P. 765 sets out the normal order of trial. Paragraph (4) of this article lists opening statements by the State and defense. C.Cr.P. 766 describes the scope and purpose of the opening statement of the State. In the case of State v. Didier, 259 La. 967, 254 So.2d 262 (1971), this court held that an opening statement by the State was not a sacramental requirement and that it was not necessary in a trial held before a judge only. This conclusion was reaffirmed in State v. Himel, 260 La. 949, 257 So.2d 670 (1972). No reason is advanced why these cases should be overruled.
This bill is without merit.

Bill of Exceptions No. 2
The second bill of exceptions was reserved when the trial judge assisted the district attorney in laying the proper foundation for the introduction of certain conclusionary testimony, i. e., the state of intoxication of the defendant at the time of the arrest. Trial judges have traditionally been given great discretion in the extent to which they are allowed to question witnesses. In the jurisprudence of this State there are several cases in which the trial judge's action of questioning witnesses has been approved. In State v. Graffam, 202 La. 869, 13 So.2d 249 (1943), the trial judge's questioning of witnesses, in an impartial manner, even to asking questions which supplied essential elements of proof for the State, was approved in dicta. In State v. Wilson, 204 La. 24, 14 So.2d 873 (1943), the trial judge was allowed to ask a question which cleared up a discrepancy in the testimony of two different State witnesses. In State v. Coffil, 222 La. 487, 62 So.2d 651 (1952), this court held that the trial judge is permitted to ask questions, and, in fact, has a duty to ask questions to clarify the testimony of a witness.
Trial judges in Louisiana are not allowed to comment on the evidence in the presence of the jury. C.Cr.P. 772. If a judge in a jury trial intends to question a witness he must be sure that the question is not, in effect, a comment on the evidence. Where, as in this case, the trial is before the judge alone, this rule is not applicable. Where the judge is the trier of fact he has the right to question the witness to clarify the evidence in his mind. Unless his participation in the trial is to such an extent and of such a nature that it deprives the defendant of a fair trial, there is no error.
*109 In this case the judge did not directly ask the witness a question; rather, he instructed the district attorney to ask a specific question. The judge acted to aid the district attorney in laying the proper foundation for the introduction of the witness' conclusion that the man was drunk at the time of the arrest. The situation was no different from that when the judge asks the question himself. There was no error.
This bill is without merit.

Bill of Exceptions No. 3
The third bill of exceptions was reserved when the trial judge overruled defense counsel's objection to a question. Defense counsel contended that the question was leading. The exchange went as follows:
"Q Where did you see it?
"A I saw a glimpse of it as it passed as it was passing by the house. See, I was looking out, like in this direction, and I saw a glimpse of a black automobile pass. Justyou know, every time somebody comes bythere's gravel there, if I'm just sitting I look up, and I saw a glimpse of something pass and then may-be just a matter of seconds later I heard sound of an automobile running into something.
"Q Now, you say that it was a matter of seconds you heard that, can you say just about how many seconds?
"BY MR. DAVIS: Your Honor, I object, it's leading.
"BY THE COURT: Overruled.
"BY MR. DAVIS: To which I take a bill, please.
"BY THE COURT: So ordered."
Although the prosecutor's question, in part, repeated prior testimony of the witness, the question, itself, was not leading, and did not suggest the answer. The trial judge properly overruled the objection.
This bill is without merit.

Bill of Exceptions No. 4
The defendant objected when the trial judge agreed to take judicial notice of the minutes of the court which showed the prior conviction of the defendant for driving while intoxicated.
There is no merit to the bill. The court ordered the minute book to be brought into the courtroom, in compliance with R.S. 13:3723. That statute, contrary to argument of defense counsel, makes it unnecessary to copy the minutes for introduction at trial. Further, counsel stated to the judge that he did not, at that time, need the minutes.

Bills of Exceptions Nos. 5 and 6
Bill No. 5 was taken to the overruling of a motion for a directed verdict, and Bill No. 6 to the denial of a new trial. The record before us contains only excerpts of the testimony.
Before us is the testimony of two witnesses to the occurrence for which defendant was charged. One, a trooper, arrested defendant after an accident and testified that he was drunk. The other witness was looking out his front door when he caught a glimpse of a vehicle pass on the road in front of his house, heard the noise of gravel, and immediately heard the sound of a vehicle striking something. He looked up and saw the defendant behind the wheel of his truck, having crashed through a fence and into a utility line and into a tree in a neighbor's yard across the street.
The motion for a directed verdict complained that the bill of information charged defendant with driving on "the public highways of Rapides Parish" while intoxicated, and there was no evidence that defendant drove on the highways.
*110 There was clearly circumstantial evidence that defendant drove on the highway, but the trial judge held that the use of the words "upon the public highways" in the bill of information was surplusage. He was correct. The statute (R.S. 14:98) does not limit the prohibition of drunk driving to highways, and evidence of driving while intoxicated, even in the neighbor's yard, would constitute some evidence of the offense.
The motion for a new trial was based on the same argument (no evidence of driving on the highway) and is likewise without merit.
There is no merit to Bills Nos. 5 and 6.
The conviction and sentence are affirmed.