447 So.2d 1201 (1984)
STATE of Louisiana
v.
Scott LANDECHE.
No. 83-KA-565.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
Daniel E. Becnel, Jr., Reserve, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry J. Morel, Jr., Dist. Atty., Kurt F. Sins, Gregory C. Champagne, Asst. Dist. Attys., for plaintiff-appellee.
Before CHEHARDY, BOWES and GAUDIN, JJ.
GAUDIN, Judge.
The primary issue involved in this appeal is whether a person can be convicted under LSA-R.S. 14:98, often referred to as the drunk driving statute, when he operated his vehicle only in a parking lot and not on a public street or highway. For the following reasons, we affirm appellant's conviction and sentence.
Scott Landeche was tried and convicted in the 29th Judicial District Court, and on appeal he has but one assignment of error, to wit:
"It was error for the trial judge to convict the defendant of violating R.S. 14:98, operating a vehicle while intoxicated, when the State failed to prove the defendant had in fact driven his vehicle on a public road in an intoxicated condition."
R.S. 14:98 reads, in pertinent part:
"Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages...
"Whoever operates a vehicle while intoxicated is guilty of a crime..."
Appellant admits in his brief that the prosecution proved "... beyond a reasonable doubt that the defendant had been drinking but not that he was operating his vehicle. Defendant's vehicle never, never entered upon any public highway..."
The State apparently showed, to the trial judge's satisfaction, that appellant, in an intoxicated condition, had entered his automobile in the parking lot of the Pier 2 lounge and attempted to drive off.
The investigating police officer said:
"When I arrived at that location, I pulled into the parking lot. I pulled up to the front door which was open. And I noticed the defendant, Mr. Landeche, walk out of hisout the front door of the bar. He staggered out the front door of the barroom, got into his vehicle which I later learnedlater learned was his, started the car up, and attempted to back out of the driveway, I pulled my car up along side of his car. I got out, stopped *1202 his vehicle, ordered him to turn the car off and to get out of the car and approach me. As he approached me, I requested some form of identification. He produced a Louisiana driver's license in the name of Scott Landeche. I noticed while talking to him that he had a very strong odor of alcoholic beverages on his breath. I also noticed that when Mr. Landeche approached me, approximately twenty feet away frombetween his automobile and my police unit, that he had great difficulty standing upright and maneuvering."
The fact that appellant drove his automobile in the parking lot and not on a public street or highway can sustain a drunk driving conviction, assuming that other necessary elements are proven beyond a reasonable doubt.
In State v. Layssard, 310 So.2d 107 (La. 1975), the Supreme Court of Louisiana stated:
"The statute (R.S. 14:98) does not limit the prohibition of drunk driving to highways, and evidence of driving while intoxicated, even in the neighbor's yard, would constitute some evidence of the offense." (Underlining provided).
It clearly follows that if an intoxicated driver can be charged for operating a vehicle in a neighbor's yard, he can be prosecuted for driving in a parking lot open to the general public, at least open to patrons of the barroom.
Appellant also argues on appeal, although not strenuously, that the State did not prove that Mr. Landeche actually entered his auto and tried to drive out of the parking lot. The trial judge's findings of fact, which were contrary to appellant's assertions, were well supported by the record and we will not disturb them.
One of appellant's own witnesses, a male friend named Jody Fremen, was asked: "Did you see Scott drive the car that night? Did you see him get in the car and start the car and drive or attempt to drive off?"
He replied: "Yes, sir."
Accordingly, we hold, as in the Layssard case, that a person can be charged and convicted under R.S. 14:98 even if the operation of a motor vehicle was not on a public street or highway.
We affirm the trial judge's findings that appellant was intoxicated and that he in fact entered his automobile and tried to drive from the parking lot of the Pier 2 lounge, and we affirm Mr. Landeche's conviction and his sentence, which was six (6) months in parish prison, suspended, and a fine of $500.00.
AFFIRMED.