601 So.2d 27 (1992)
STATE of Louisiana
v.
Ronald W. ZACHARY.
No. 91 KW 1464.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
*28 Doug Moreau, Dist. Atty. by Tracey Ewing, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Michael Brown, Baton Rouge, for defendant/appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
We granted the State of Louisiana's application for a writ of certiorari to review a ruling by the trial court which granted Ronald W. Zachary's (defendant) motion to suppress the Intoxilyzer 5000 results taken from him in connection with a charge of driving while intoxicatedthird offense. LSA-R.S. 14:98.
Defendant's motion to suppress[1] was filed on the grounds that the Louisiana Highway Regulatory Act, Tests For Suspected Drunken Drivers, LSA-R.S. 32:661-668 (hereafter referred to as R.S. 32:661), does not apply because he was not driving on a public highway, but in a private parking lot.
When this motion was heard, the state told the court that its witnesses could testify only that they saw defendant behind the wheel of his vehicle in the McDonald's parking lot. Accordingly, the state stipulated that "he was not seen driving on the public highways, as in the road which McDonald's is on, only in the parking lot." Defendant accepted the stipulation. The court also accepted it and then ruled the implied consent law could not be extended to this private parking lot and granted defendant's motion to suppress.
The issue here is whether R.S. 32:661 is applicable to a driver in a private parking lot.
The state argues that R.S. 32:661 must be read in conjunction with R.S. 14:98, the DWI statute. It cites State v. Landeche, 447 So.2d 1201 (La.App. 5th Cir.1984), which affirmed a DWI conviction even though the operator of the motor vehicle was in a parking lot rather than a public street or highway. The state argues that a reading of the two statutes in pari materia mandates the expansion of the term "public highway" to include a privately maintained parking lot.
The state's argument, however, overlooks LSA-R.S. 32:1. Therein, we find the following definitions:
(25) "Highway" means the entire width between the boundary lines of every way or place of whatever nature publicly maintained and open to the use of the public for the purpose of vehicular travel, including bridges, causeways, tunnels and ferries; synonymous with the word "street."
(51) "Private road or driveway" means every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons.

*29 (95) "Parking area" means an area used by the public as a means of access to and egress from, and for the free parking of motor vehicles by patrons of a shopping center, business, factory, hospital, institution, or similar building or location.
(Emphasis added.)
In State v. Lorenz, 572 So.2d 362 (La. App. 1st Cir.1990), writ denied, 575 So.2d 393 (La.1991), we found that lanes in a public parking lot were "public highways" and subjected a driver to the provisions of R.S. 32:661. In so doing, we interpreted Title 32's definition of "highway" and "parking area" and said:
[T]he lanes of this public parking lot, if not the spaces themselves, provide access to and from the parking spaces and are "publicly maintained and open to the use of the public for the purpose of vehicular travel." As such, by operating a motor vehicle in this area, relator is subject to the implied consent law.
Lorenz, 572 So.2d at 364 (emphasis deleted).
The distinguishing fact here is the nature of the parking lotit is a private lot owned by McDonald's. The legislature has provided definitions to assist us in interpreting Title 32. Clearly, it had the distinction between public and private property in mind when it passed section 661. We note that R.S. 32:1 has been amended on numerous occasions through the years.
Defendant was not seen driving on the public highways. Under the provisions of R.S. 32:661(A)(2), the test may be administered only when an officer has reasonable grounds to believe the person has been driving or has been in actual physical control of a motor vehicle on the public highways while under the influence of alcoholic beverages.
We find the trial court correctly suppressed the results of the test because it was given to defendant without any articulated factual basis to believe he had been driving on a public highway. Given the definitions in R.S. 32:1, the meaning of "public highways" in this context is clear and unambiguous. Had the legislature intended to include private lots and driveways in R.S. 32:661, it would have done so.
For the reasons stated, we recall, vacate, and set aside the writ of certiorari previously issued herein and remand this case to the district court for further proceedings consistent with this opinion.
WRIT RECALLED, VACATED, SET ASIDE, AND REMANDED.
NOTES
[1] Defendant also urged two other grounds for suppressing the test results: (1) that he did not consent to the test nor was he advised of his rights, and (2) that he was arrested without probable cause and the test did not comply with the regulations promulgated pursuant to LSA-R.S. 32:663. At a prior hearing, the trial court denied the motions as to these grounds.