J¿SCOTT J. CRICHTON, J. Pro Tem.
Defendant, Douglas L. Turner, Jr. was charged by bill of information with driving while intoxicated (DWI), fourth offense, a violation of La. R.S. 14:98. He pled not guilty and the matter was set for trial. He filed a motion to quash, which was denied by the trial court. Defendant was tried by a jury and found guilty as charged. Thereafter, the court sentenced defendant to fifteen year’s at hard labor.[2] He has appealed, urging four assignments of error.
On May 2, 1998, Deputy Neal Blades of the Terrebonne Parish Sheriffs Office was returning home from working extra duty. A large white pickup truck was in traveling front of him. The truck turned off Monarch Drive into the parking lot of Deputy Blades’ apartment complex. Blades followed the truck into the parking lot. The truck stopped and its reverse lights came on. Assuming that the truck was trying to back up to park in an empty space he had just passed, Deputy Blades attempted to back up. Before he could get his vehicle into reverse, the truck ran into his car.
Defendant was the driver of the truck. Upon speaking with him, the deputy noticed a strong odor of alcohol on his breath. Blades called the sheriffs department to report the accident. Deputy Thomas Glover, Jr. responded to the call. When Deputy Glover arrived at the scene, he also noted that defendant had an odor of alcohol on his breath. He had him perform two field sobriety tests on which defendant did poorly. Defendant was offered the opportunity to take a breath test which he refused. Defendant told Deputy Glover that he had been to Visions Nightclub and | ¡¡had consumed four beers. Deputy Sidney Simmons, who also responded to the scene, agreed that defendant performed poorly on the field sobriety tests.
Defendant testified in his own defense. He admitted that- he had been at the Visions Nightclub and had consumed four beers. He said that he had just completed offshore work and that he had been up for fifty-two hours. He also said that he was wearing contact lenses at the time of the stop which caused the redness that the officers noted in his eyes. He agreed that he did sway some when he took the field sobriety tests but said he was wearing mountain boots which caused his balance to be unsteady.
ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, defendant argues that the trial court erred in denying the motion to quash the predicate offenses. On appeal, he challenges only the predicate arising from a guilty plea on October 31, 1995, in the City Court of Houma, Louisiana. He argues that the minute entry which was presented by the state at the motion to quash does not constitute a contemporaneous record of the guilty plea. He further complains that there is no indication that defendant made a knowing and intelligent waiver of his right to counsel.
*908 In the instant case, the record reflects that the state presented only the minute entry at the motion to quash but, by the time of trial, had obtained a transcript of those proceedings which was submitted into evidence. In State v. Roblow, 623 So.2d 51, 55 (La.App. 1st Cir.1993), this Court examined the issue of what evidence the appellate court could consider in evaluating the trial court’s ruling on a motion to quash on the ground of improper venue. In that case we held that:
It is well established that, in determining whether or not the ruling on a defendant’s motion to suppress is correct, an appellate court is not limited to the evidence adduced at the 14hearing on the motion but may consider all pertinent evidence given at the trial of the case. State v. Beals, 410 So.2d 745, 747 (La.1982). See also State v. Francise, 597 So.2d 28, 30 n. 2 (La.App. 1st Cir.), writ denied, 604 So.2d 970 (La.1992). Although we have found no case extending this rule to the review of a ruling on a motion to quash on the ground of improper venue, we see no reason why the same rationale should not apply.
In the instant case, as in Roblow, we have found no cases which extend this rule to a motion to quash predicate offenses in a DWI proceeding on the ground of failure to properly advise defendant of his constitutional rights. However, here as in Rob-low, we conclude that the same rationale should apply. Therefore, we will consider the evidence introduced at trial in reviewing the trial court’s decision.
The transcript of the October 31, 1995, guilty plea clearly shows, as in fact the minutes indicate, that defendant was thoroughly advised of all of his constitutional rights, including the right to counsel. The nature of the offense and the penalties for this and future offenses were also clearly explained. The court inquired briefly about defendant’s age and educational background and was informed that he was twenty-two years old, had a high school education and had learned the trade of electronics technician while serving in the Navy. The record further reflects that defendant was told that by pleading guilty he was waiving the constitutional rights that the court had just explained. Defendant indicated that he understood and wished to plead guilty.
In order for defendant’s guilty plea to be considered constitutionally valid, he must be informed of the three articulated rights required by Boykin. Considering the entire record, it is clear that the evidence relied upon by the state as to the October 31, 1995 predicate was sufficient to show 1 fiU valid waiver of the defendant’s constitutional rights, including the right to counsel and was, therefore, properly used to enhance the instant offense.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defendant contends that the trial court erred in denying his motion in limine to exclude testimony regarding his refusal to take the Intoxolizer test on the basis that there was no evidence that he was traveling on a public highway at the time of the instant offense. La. R.S. 32:661(A)(2) authorizes the administration of the Intoxolizer tests when a person is driving on a public highway of the state in an intoxicated condition. In this case, defendant contends that the testimony of Deputy Blades is insufficient to establish that defendant was traveling on a public highway prior to the accident. Therefore, he argues, Deputy Glover did not have reasonable grounds to believe that defendant was operating his vehicle on a public highway. See State v. Zachary, 601 So.2d 27, 29 (La.App. 1st Cir.1992). Deputy Blades clearly testified that he turned onto Monarch Drive, a public street, and saw defendant’s truck in front of him. He then observed defendant turn into the parking lot of the Chateau Creole Apartments, which is the apartment complex where Deputy Blades lived. In State v. Lorenz, 572 So.2d 362 (La.App. 1st Cir.1990), writ denied, 575 So.2d 393 (La.1991), this Court concluded that La. *909 R.S. 32:661 includes and applies to persons operating motor vehicles upon city streets. Clearly, from the testimony referred to above, Deputy Glover had both direct and indirect evidence to conclude that defendant was traveling on a public highway prior to turning into the parking lot and, therefore, the trial court’s ruling on the motion in limine was correct.
| «ASSIGNMENT OF ERROR NO. 3
In his third assignment of error, defendant argues that the evidence was insufficient to support the verdict. Specifically, he argues that the testimony failed to establish that he was under the influence of alcohol at the time of the accident.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime and the defendant’s identity as the perpetrator of that crime beyond a reasonable doubt. See La.Code Crim. P. art. 821, State v. Johnson, 461 So.2d 1273, 1277 (La.App. 1st Cir.1984). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the fact-finder must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), unit denied, 532 So.2d 130 (La.1988). However, when a case involves circumstantial evidence and the trier of fact reasonably rejects that hypothesis of innocence presented by the defendant’s own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. State v. Captville, 448 So.2d 676, 680 (La.1984).
In the instant case, Deputy Blades testified at trial as to defendant’s driving maneuver and that following the impact he immediately smelled a strong odor of alcohol on defendant’s breath upon coming into contact with him. Deputy Blades testified that the one test he observed defendant attempt |7to perform was the one leg stand, although he believed that another test was performed. Defendant argues that Blades is not qualified to make that observation because he had only personally performed field sobriety tests approximately five times. He further contends that, because Blades only spoke with defendant for approximately fifteen seconds, he apparently did not have time to determine whether defendant had alcohol on his breath.
Deputy Glover made similar observations to those of Deputy Blades. In addition, he said that defendant’s speech was slurred. Deputy Blades did not observe defendant to have slurred speech. Defendant contends that this fact calls Deputy Glover’s testimony into question. To the contrary, as pointed out by defendant, Deputy Blades had very limited contact with defendant while Deputy Glover had extended contact with him as he administered the field sobriety tests to him and conducted an interview with him.
Deputy Simmons observed Deputy Glover administering the tests to defendant and also concluded he did poorly. He said that he recalled that defendant was swaying as he tried to stand. Simmons further testified that after defendant was brought to the station, Simmons offered him the breath test. At that point, Simmons noticed that defendant’s breath smelled of alcohol.
Two of defendants’ friends testified that they were with defendant that night. They said that they did not stay with him the entire time they were at the nightclub, so they could not say for certain how much he had to drink. They did testify that they did not think defendant was intoxicated, and they offered opinion testimony that he was suffering from sleep deprivation.
*910 The evidence presented at trial in the instant case, when viewed in the light most favorable to the prosecution, was clearly sufficient to sustain a 1 ^conviction for driving while intoxicated and to exclude every reasonable hypothesis of innocence. Defendant admitted that he had been to a bar and consumed at least four drinks while at a bar. Three sheriffs deputies, all with some training in investigation of DWI cases, testified that defendant showed signs of intoxication and failed the field sobriety tests that he was given. Defendant refused the intoxolizer test which could have removed any doubt about his level of intoxication. The jury obviously believed the testimony of the deputies and rejected the explanations of defendant and his friends for his conduct.
Therefore, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4
In his fourth assignment of error, defendant claims that his sentence is excessive.
Although a sentence falls within the statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.I979). However, the trial court has great discretion in imposing a sentence within the statutory limits: and such sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
Defendant was subject to a minimum sentence of ten years at hard labor and a maximum of thirty years. At sentencing, the trial court reviewed defendant’s prior history of DWI convictions, and noted that he had four convictions in the relatively short period of six years. The court spoke about the number of accidents each year as a result of DWI offenses and the potentially deadly effects of driving a vehicle while under the influence of alcohol.
| ¡¡The court also considered that defendant had recently married and become a father; however, he noted that both the marriage and birth of his occurred while defendant was already facing these serious charges with the possibility of significant jail time. The trial court adequately considered both the aggravating and mitigating factors prior to sentencing defendant. Defendant received a sentence that was five years more than the minimum and fifteen years less than the maximum he could have received. Based on the entire record, it is clear that the sentence was appropriate given the circumstances of the offense and is supported by the record. There was no abuse of discretion by the trial court and the defendant’s sentence is not unconstitutionally excessive. See State v. Minnifield, 31,527 (La.App. 2nd Cir.1/20/99), 727 So.2d 1207, writ denied, 99-0516 (La.6/18/99), 745 So.2d 19, wherein the appellate court affirmed a 15 year sentence for driving while intoxicated, fourth offense, and State v. Graves, 95-0578 (La.App. 1st Cir.5/10/96), 675 So.2d 1141, wherein the appellate court affirmed a sentence of 20 years for fourth offense driving while intoxicated due to the defendant’s continued failure to accept responsibility for drinking and driving.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.

. It is noted that the sentence is illegally lenient in that the trial court failed to order defendant to pay the fine required by the statute; however, the state has not appealed the sentence; therefore, this court will not address that issue.