JUDE G. GRAVOIS, Judge.
|2Pefendant, Charles John Gates, appeals his conviction of one count of operating a motor vehicle while intoxicated, fourth offense, a violation of La. R.S. 14:98(A)(E). Defendant pleaded not guilty at his arraignment. However, after this Court denied defendant’s writ application on the trial court’s denial of his Motion to Suppress Chemical/Breath Test Results,[1] defendant pleaded guilty as charged pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the denial of his motion to suppress. Defendant was then sentenced to twenty years imprisonment at hard labor, with credit for time served, with the first two years of his sentence to be served without the benefit of probation or parole. The trial judge suspended ten years of defendant’s sentence and placed him on active probation for five years following his release from jail.
|sOn appeal, defendant argues that the results of the breathalyzer test administered to him by the Jefferson Parish Sheriffs deputy following his arrest should be suppressed because the test was illegally administered since he was not operating a motor vehicle on a public highway prior to his arrest, citing State v. Zachary, 601 So.2d 27 (La.App. 1 Cir.1992). For the following reasons, we find no merit to defendant’s assignment of error and accordingly affirm his conviction and sentence.

FACTS

Because this matter did not proceed to trial, the following facts involving the offense were developed at the hearing conducted on defendant’s motion to suppress. Deputy Jeff Navo of the Jefferson Parish Sheriffs Office testified that he arrested defendant on September 3, 2011 for driving while intoxicated.[2] Deputy Navo explained that he had been called to the scene of a traffic accident that had oc *419 curred in the parking lot of a motel on Jefferson Highway in Jefferson Parish. Upon arriving at the scene, Deputy Navo observed a white van parked in a parking space, and another vehicle parked in the parking lot. The driver of the other vehicle told Deputy Navo that the white van had backed into his vehicle while both were in the motel parking lot. Deputy Navo approached defendant, whom he felt exhibited signs of being under the influence of alcohol, specifically, slurred speech. Defendant, when asked by Deputy Navo, declined to say whether or not he had consumed any alcohol. Deputy Navo administered a field sobriety test to defendant, who in the opinion of Deputy Navo performed poorly.
At that point, Deputy Navo arrested defendant for driving while intoxicated. He transported defendant to the Sheriffs Department’s lockup, where he filled out an Arrestee’s Rights Form with defendant that included a review of his 1 constitutional rights. Defendant signed the form, indicating that he understood his rights. Deputy Navo then conducted the 16-question interview with defendant that is part of the “State Police DUI Form,” after which defendant consensually agreed to take a breathalyzer test. At the hearing on the motion to suppress, counsel for defendant specifically acknowledged that defendant did in fact consent to taking the breathalyzer test. The results of the test showed that defendant had a .207 grams percent blood alcohol level as of that time.
On cross-examination, Deputy Navo testified that defendant told him that he had not consumed alcohol on the day of his arrest. Deputy Navo acknowledged that he had not made a traffic stop of defendant and had not observed defendant operating or driving his vehicle. He admitted that he did not know what time defendant had arrived at the parking lot, nor when defendant may have consumed alcohol prior to his arrest.
ASSIGNMENT OF ERROR — Denial of Motion to Suppress
In his sole assignment of error, defendant asserts that the district court erred in failing to grant his motion to suppress, claiming that the breathalyzer test was illegally administered. On appeal, defendant argues that the implied consent enumerated in La. R.S. 32:661 did not apply to his case because no evidence whatsoever was presented at the suppression hearing that he operated his vehicle on a public highway of this state in an intoxicated condition prior to his arrest for the subject charge. In response, the State argues that Louisiana law does not limit the prohibition of drunk driving to public highways. The State further contends that the results of the breathalyzer test were properly admissible because defendant voluntarily consented to the test.
As noted above, defendant pleaded guilty as charged pursuant to State v. Crosby, supra. In general, a guilty plea waives all non-jurisdictional defects in the | ¡^proceedings prior to the plea and precludes review of such defects either by appeal or on post-conviction relief. Id.[3] A *420 defendant may reserve his right to appellate review if, at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. Id. at 590-92.
In a hearing on a motion to suppress, the State bears the burden of proof in establishing the admissibility of evidence seized without a warrant. La. C.Cr.P. art. 703(D). The trial court’s decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Smith, 07-815 (La.App. 5 Cir. 3/11/08), 982 So.2d 821, 824, writ denied, 08-0927 (La.11/14/08), 996 So.2d 1088.
Defendant was charged with one count of unlawfully operating a motor vehicle while intoxicated, fourth offense or greater, in violation of La. R.S. 14:98(A)(E). As the trial court correctly noted, the enforcement of La. R.S. 14:98 is not limited to public thoroughfares. On at least two separate occasions, this Court has held that where a vehicle is driven while the driver is under the influence is not an element of the offenses enumerated in La. R.S. 14:98. In State v. Cowden, 04-707 (La.App. 5 Cir. 11/30/04), 889 So.2d 1075, 1087-88, writ denied, 04-3201 (La.4/8/05), 899 So.2d 2, this Court acknowledged:
LSA-R.S. 14:98 does not include as an element of the crime that the offense must have occurred on public property, roads, or highways. Further, in State v. Landeche, 447 So.2d 1201 (La.App. 5 Cir.1984), this Court held that a person could be charged and convicted under LSA-R.S. 14:98, even if the operation of a motor vehicle was not on a public street or highway. Also, in State v. Smith, 93-1490 (La.App. 1 Cir. 6/24/94), 638 So.2d 1212, 1215, the appellate court stated that, “[t]he DWI statute does not limit the prohibition of driving while intoxicated to driving on state highways, and evidence of operating a [¿vehicle while intoxicated, even in the ditch, constitutes evidence of the offense.”
Further, as cited by this Court in Landeche, supra, the Louisiana Supreme Court in State v. Layssard, 310 So.2d 107, 110 (La.1975), stated:
“The statute (R.S. 14:98) does not limit the prohibition of drunk driving to highways, and evidence of driving while intoxicated, even in the neighbor’s yard, would constitute some evidence of the offense.” (Underlining provided.)
Landeche, supra, at 1202. [Emphasis as in the original.]
The case upon which defendant relies, State v. Zachary, supra, is factually distinguishable from the instant ease. La. R.S. 32:661(A)(2) authorizes the administration of breathalyzer tests when a person is driving on a public highway of the state in an intoxicated condition. Zachary held that the implied consent to the breathalyzer test found in La. R.S. 32:661 includes and applies to persons operating motor vehicles upon city streets. The Zachary court upheld the grant of the defendant’s motion to suppress the results of the breathalyzer test because there was no evidence presented that the defendant was driving his vehicle on a public highway. However, in this case, the trial court found that defendant gave his actual consent to the breathalyzer test. Deputy Navo testified as such, and defendant’s counsel specifically acknowledged at the suppression hearing that defendant had given his consent to the test. Thus, the issue of the applicability of La. R.S. 32:661 is not germane to this case. We accordingly find no abuse of discretion in the trial court’s denial of defendant’s motion to suppress.
*421 In brief, defendant appears to also argue that there was insufficient evidence to show that he was the person operating the white van. However, in the trial court, defendant’s sole basis regarding the motion to suppress was the applicability of La. R.S. 32:661. Louisiana courts have long held that a defendant may not raise new grounds for suppressing evidence on appeal that he did not raise at the trial |7court in a motion to suppress. State v. Montejo, 06-1807 (La.5/11/10), 40 So.3d 952, 967, cert. denied, Montejo v. Louisiana, — U.S. -, 131 S.Ct. 656, 178 L.Ed.2d 513 (2010). Further, sufficiency of the evidence is not grounds for a motion to suppress evidence, wherein the State bears the burden of proving the admissibility of evidence seized without a warrant. La.C.Cr.P. art. 703(D); State v. Smith, supra at 824. Finally, a plea of guilty by its nature admits factual guilt and relieves the State of the necessity of proving it by a contested trial. State v. Crosby, supra. Therefore, because defendant pled guilty, he cannot challenge the sufficiency of the evidence on appeal. State v. Smith, supra at 824.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). Our review reveals no errors patent in this case.

CONCLUSION

For the reasons expressed above, defendant’s conviction and sentence are affirmed.

AFFIRMED

. In State of Louisiana v. Charles J. Gates, 12-243 (La.App. 5 Cir. 3/14/12) (unpublished writ disposition), this Court declined to exercise its supervisory jurisdiction on defendant's writ application following the trial court's denial of his motion to suppress, noting that defendant had an adequate remedy on appeal in the event of a conviction.

. Deputy Navo testified that he had twenty-one years of experience in law enforcement, with eleven of those years in traffic enforcement, where he had previously made several arrests for driving while intoxicated.

. In Crosby, the Louisiana Supreme Court defined jurisdictional defects as those which, even conceding a defendant's factual guilt, do not permit conviction of the charged offense. The Supreme Court listed the following as examples of jurisdictional defects: (1) the lack of jurisdiction of the sentencing court, (2) the conviction represents double jeopardy, (3) the prosecution had prescribed at the time it was instituted, (4) the State lacked constitutional or legal power to try the defendant for the charged offense, (5) the statute under which prosecution is brought is unconstitutional, (6) the charge in the indictment does not constitute a crime, and (7) certain types of patent *420 errors that prevent conviction for the offense. Id. at 588.