HANS J. LILJEBERG, Judge.
12Pefendant, Rochelle Boutte, appeals her conviction and sentence of La. R.S. 14:64.1. For the following reasons, we affirm.

Procedural History

The Jefferson Parish District Attorney’s Office filed a bill of information charging defendant with first degree robbery in violation of La. R.S. 14:64.1. Defendant pleaded not guilty at arraignment. Defendant filed pre-trial motions, including a motion to suppress statement and a motion for preliminary examination. After a hearing, the trial court found probable cause to hold defendant on the charge and denied defendant’s motion to suppress statement.
Defendant subsequently withdrew her plea of not guilty and entered a plea of guilty as charged. The trial court sentenced defendant to imprisonment at hard labor for a term of 12 years with credit for time served, to be served without benefit of parole, probation, or suspension of sentence. The sentence was ordered to run concurrently with defendant’s sentence in Texas and any other sentence defendant may be serving.[1] The court also recommended that defendant receive any self-help and rehabilitation programs within the Department of Corrections. The court additionally ordered defendant to pay a $45.00 Indigent Defense Board Fee.
|aThe trial court subsequently granted defendant’s pro se motion for appeal. Defendant’s appeal follows.

*980
Facts

As this conviction is the result of a guilty plea, the underlying facts were not fully developed. However, the bill of information alleges that on May 20, 2011, defendant violated La. R.S. 14.64.1 in that she committed first degree robbery of Donna Howard while leading the victim to reasonably believe defendant was armed with a dangerous weapon.
In addition, Detective David Canas of the Jefferson Parish Sheriffs Office testified at the suppression hearing to the following:
On that date, a black female entered the store at 4325 Veterans, Payless Store. She went to the aisle, picked up a shoe box, immediately went to the counter. The manager was working at that time. She made a comment on how fast she picked out what she wanted, and she walked around to the counter.
The black female handed a note that said “You have ten seconds to give me all the money in the drawer. If not, I’m going to start shooting.” The manager then took the money out. The black female then pointed down to a safe. At that time, she opened up the safe, and she was able to give her additional money. The black female then left leaving the note and the shoe box on the counter.
... The box was fingerprinted by a crime scene technician on the scene, and a fingerprint was obtained. That fingerprint later came back to a Rochelle Boutte.
... I learned, number one, Rochelle fit the description and the body height of the suspect. She also had an armed robbery charge or robbery charge. I wasn’t able to put her in a lineup at the time because she had red hair in the Jefferson Parish lineup. But later I was able to get — when she was arrested from Texas, I was able to get a photograph where she did not have red hair and it was easier to put her in a lineup.
^Detective Canas further testified that the victim was unable to identify defendant in a lineup. “The victim said it happened fast. And due to [defendant] having a hat, it was very hard for [the victim] to see her face.”
Detective Canas testified that defendant was subsequently arrested in Texas and extradited to Louisiana. Detective Canas stated:
Ms. Boutte was transported to the Jefferson Parish Sheriffs Correctional Facility. Upon her arrival, I met her there. I advised her of an ongoing investigation. I asked her if she would come back to the Detectiye Bureau and speak with me. She acknowledged that she understood what was going on and she wanted to speak with me.
At that time, I advised her of her rights using a Jefferson Parish Sheriffs Rights of Arrestee Form.
Detective Canas explained that after he advised defendant of her Miranda rights, defendant was very cooperative and gave a taped statement, wherein she admitted that she committed the robbery in order to buy food for her hungry daughter.

Anders Brief

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530-31 (La.App. 4 Cir.1990),[2] appointed appellate *981 counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), asserting that she has thoroughly reviewed the trial court record and “can find no non-frivolous issues to raise on appeal and can find no ruling of the trial court that arguably supports the appeal.” Accordingly, appointed counsel requests to withdraw as attorney of record.
| Jn Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds the case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, supra at 241, the Louisiana Supreme Court explained that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court further indicated that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, supra, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, Rif the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point identified by the court, or grant the motion and appoint substitute appellate counsel. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
Here, defendant’s appellate counsel asserts that after a conscientious and thorough review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel notes that although a motion to suppress was heard and denied by the court, defendant subsequently pleaded guilty without reserving any pretrial rulings under State v. Crosby, 338 So.2d 584 (La.1976). Counsel further explains that defendant was fully informed of the legal consequences of entering a plea of guilty and that defendant’s guilty plea precludes counsel from raising an excessive sentence claim, acknowledging that defendant was fully apprised of her sentence prior to pleading guilty.
*982 Along with her brief, appellate counsel filed a motion to withdraw as attorney of record, which states that she has made a conscientious and thorough review of the trial court record and could find no non-frivolous issues to raise on appeal and no rulings of the trial court that would arguably support the appeal. Counsel further asserts that she notified defendant of the filing of counsel’s motion to withdraw and advised defendant of her right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing her that an Anders brief was filed and that she could file a pro se supplemental brief. Defendant has filed a pro se brief, assigning two claims as well as requesting an error patent review of the record that will be conducted herein.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of | information properly charged defendant and plainly and concisely stated the essential facts constituting the offense charged. It also sufficiently identified defendant and the crime charged. See generally La.C.Cr.P. arts. 464-466. Further, as reflected by the minute entries and commitment, defendant appeared at all crucial stages of the proceedings against her, including arraignment, guilty plea proceedings, and sentencing.
As explained herein, defendant pleaded guilty as charged to first degree robbery. When a defendant pleads guilty, he normally waives all non-jurisdictional defects .in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. In the instant case, defendant filed a motion to suppress statement that was denied after a hearing. However, defendant did not preserve this ruling for review under the holding in State v. Crosby, supra.
Additionally, our review of the record reveals no irregularities in defendant’s guilty plea to first degree robbery. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124; State v. Dixon, 449 So.2d 463, 464 (La.1984).
The record reflects that defendant entered a knowing and voluntary plea of guilty to one count of first degree robbery. Defendant was advised of her right to a trial by jury or judge, her right to confrontation, and her privilege against self-jin-erimination.8 Defendant was advised of these rights by means of the waiver of rights form, where she initialed each right, and the colloquy between defendant and judge. Defendant indicated that she understood that she was waiving these rights and stated that she was not forced, coerced, or threatened into pleading guilty.
Defendant additionally indicated by means of the waiver of rights form and the colloquy with the trial judge that she understood the sentencing ranges for the offense charged, as well as the actual sentence she would receive. Specifically, the trial court advised that defendant faced a sentencing range of three to 40 years imprisonment without benefit of parole, pro *983 bation, or suspension of sentence. The court further advised defendant it would impose a sentence of 12 years that would not be deferred and would run concurrently with any and all other sentences that she was serving, including her conviction in Texas. Upon accepting defendant’s guilty plea, the trial judge indicated that he was entirely satisfied that defendant was aware of the nature of the crime, that she did in fact commit said crime, and that she understood the consequences of her guilty plea. The judge further indicated that defendant knowingly, intelligently, freely, and voluntarily entered her guilty plea.
Additionally, defendant’s sentence does not appear to present any issues for appeal. A defendant is precluded from raising a claim of excessiveness on appeal when the imposed sentence is the product of a plea agreement. State v. Cross, 06-866, p. 4 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30. “A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” La.C.Cr.P. art. 881.2. Defendant’s 12-year sentence was imposed pursuant to a plea agreement and falls within the sentencing range of not less than three years and not more than 40 years as set forth in La. R.S. 14:64.1.
|9Based on the foregoing, we find defendant’s guilty plea and sentence do not present any issues for appeal. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record.

Pro Se Assignments of Error

Sufficiency

In defendant’s pro se brief, defendant appears to assert that there was insufficient evidence to support a conviction of first degree robbery. As addressed above, defendant pleaded guilty as charged to first degree robbery in violation of La. R.S. 14:64.1. A plea of guilty by its nature admits factual guilt and relieves the State of the necessity of proving it by a contested trial. State v. Crosby, supra. Moreover, when pleading guilty, defendant waived all non-jurisdictional defects; therefore, she cannot challenge the sufficiency of the evidence on appeal. State v. Gates, 13-206 (La.App. 5 Cir. 10/9/13), 128 So.3d 417, 2013 WL 5556023; State v. Smith, 07-815 (La.App. 5 Cir. 3/11/08), 982 So.2d 821, 824, writ denied, 08-0927 (La.11/14/08), 996 So.2d 1088.
Accordingly, this assignment of error is not subject to appellate review.

Ineffective Assistance of Counsel

Defendant additionally raises an ineffective assistance of counsel claim, alleging that her trial counsel did not effectively advocate her position that she did not commit first degree robbery, and indicated that defendant would have to retain private counsel if she wished to go to trial.
A claim of ineffective assistance of counsel is most appropriately addressed through an application for post conviction relief filed in the trial court, where a full | inevidentiary hearing can be conducted, rather than on direct appeal. State v. Washington, 03-1135 (La.App. 5 Cir. 1/27/04), 866 So.2d 973, 983. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Deruise, 98-0541 (La.4/3/01), 802 *984 So.2d 1224, 1248, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001).
Here, the record is insufficient to address defendant’s claims of ineffective assistance of counsel on appeal. Since defendant’s conviction was the result of a guilty plea, it is impossible to determine, based on the limited record on appeal, whether trial counsel effectively represented defendant’s intentions. Defendant’s claims should be addressed through post conviction proceedings where, if deemed appropriate, a full evidentiary hearing can be held and defendant can present evidence to support her allegations.

Eiror Patent Review

Defendant additionally requests an error patent review of the record. However, we routinely review the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Upon review of the record, we do not find any errors patent requiring corrective action.

Decree

Accordingly, we affirm defendant’s conviction and sentence and we grant appellate counsel’s motion to withdraw as counsel for defendant.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.

. The record reflects that defendant is serving a sentence for a conviction in case no. 131073601010 in the 248th District of Harris County, Texas.

. The procedure set forth in Benjamin, supra, for compliance with Anders, supra, was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 *981 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11.

. The United States Supreme Court most recently reaffirmed its position in Anders, supra, in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).