JUDE G. GRAVOIS, Judge.
| gin this appeal pursuant to State v. Crosby,[1] defendant, Brian S. Baker, appeals his convictions for one count of possession with intent to distribute cocaine and one count of possession with intent to distribute marijuana. .On. appeal, appellate' counsel argues that the trial court erred in denying defendant’s motion to suppress and his motion to reveal the identity of the confidential informant. In a pro se supplemental brief, defendant argues that his motion to suppress -should have, been-granted because his arrest was illegal. For the following reasons, we find no merit to the assigned errors and affirm defendant’s convictions and sentences. The matter is remanded for correction of a patent error as noted below.

PROCEDURAL HISTORY

In a bill of information filed .on. April 7, 2014, the State, of Louisiana charged defendant with possession with intent to distribute cocaine in violation of La. R.S. 40:967(A) (count one), and possession with intent to distribute marijuana in |,violation of La. R.S. 40:966(A) (count two).[2] On April 21, 2014,. defendant was arraigned and pled not guilty to both counts.
On March 24, 2015, the trial court heard and denied defendant’s motion for suppression of evidence and statements. Defendant also orally requested that the identity of the confidential informant (“Cl”) be revealed, arguing that he had a right to confront 'the ' informant at trial. The court denied defendant’s request for the identity of the Cl, but granted defendant’s request that the officer only testify about what he personally observed of the transaction with the confidential informant.
*898 On that same day, defendant pled guilty under State v. Crosby, supra. Immediately following his plea, the court sentenced defendant to sixteen years at hard labor on each count, to be served concurrently with each other and with misdemeanor sentences also imposed on defendant by the court. The first two years of the sentence on count one were to be served without the benefit of probation, parole, or suspension of sentence. The State then filed a habitual offender bill of information, charging defendant as a second felony offender, which defendant stipulated to. The trial court vacated the original sentence as to count one and resentenced defendant to sixteen years imprisonment in the Department of Corrections. The first two years of the sentence were to be served without the benefit of probation, parole, or suspension of sentence, and the entire sentence was to be served without probation- 'or suspension of sentence. Additionally, the sentence was to run concurrently with defendant’s other sentences in all counts in case numbers 14-1646 and 14-1647.
Defendant timely filed a motion for an appeal, which was granted.

\ ¿FACTS

Defendant pled guilty without proceeding to trial. During defendant’s guilty plea colloquy, the State presented that on March 13, 2014, defendant violated La. R.S. 40:967(A) in that he knowingly or intentionally possessed with intent to. distribute a controlled dangerous substance, to-wit: cocaine;' and also on March 13, 2014, defendant violated La. R.S. 40:966(A) in that he knowingly or intentionally possessed with the intent to distribute a controlled dangerous substance, to-wit: marijuana.
A review of the transcript of the suppression hearing shows that Agent Jeremiah Washington was notified by a confidential informant that he, the informant, was in a position to purchase narcotics from defendant. Agent Washington worked with the informant to make a controlled buy at the Siesta Motel on the Westbank Expressway, in Marrero, Louisiana. Agent Washington observed the controlled buy and thereafter arrested defendant approximately 72 hours later at the motel on outstanding arrest warrants.
Immediately after defendant was arrested, Agent Anthony Buttoné, who was assisting Agent Washington, went to search the particular motel room nearby where defendant was staying. Agent Buttoné found the room occupied by Taniesha Nash, who signed a consent to search form. Narcotics and other evidence consistent with distribution thereof were seized from the motel room.

ASSIGNMENT OF ERROR

Denial of Motion to Suppress

Defendant first argues in this assignment of error that the trial court erred when it denied his motion to suppress evidence found in the motel room that he asserts was illegally searched. The State maintains that the search of the motel room was proper since the officers received free and voluntary consent to the search from Ms. Nash.
The Fourth Amendment to the United States Constitution and Article I § 5 of the Louisiana Constitution protect individuals against unreasonable searches and seizures. State v. Flagg, 99-1004 (La. App. 5 Cir. 4/25/00), 760 So.2d 522, 526, unit denied, 00-1510 (La.3/9/01), 786 So.2d 117. The trial court’s denial of a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Butler, 01-0907 (La.App. 5 Cir. 2/13/02), 812 So.2d 120,124.
*899 Ultimately, the State bears the burden to show that a warrantless search falls within one of the exceptions to the rule that a warrantless search is per se unconstitutional. Flagg, 760 So.2d at 526. One such exception is a consent to the search by a third party when consent is freely and voluntarily given, and the third party possesses common' authority or other sufficient relationship to the premises or effects sought to be inspected. State v. Gomez, 01-717 (La.App. 5 Cir. 11/27/01), 802 So.2d 914, 918 (citing United States v. Matlock, 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974)); State v. Edwards, 97-1797 (La.7/2/99), 750 So.2d 893, 901, cert. denied, 528 U.S. 1026, 120 S.Ct. 542, 145 L.Ed.2d 421 (1999). A warrantless search may be valid even if consent was given by one without authority, if facts available to officers at the time of entry justified the officers’ reasonable, albeit erroneous, belief that the one consenting to the search had authority over the premises. Illinois v. Rodriguez, 497 U.S. 177, 185-89, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990); State v. Stewart, 27,049 (La.App. 2 Cir. 5/10/95), 656, So.2d 677, writ denied, 95-1764, 95-1768 (La.12/8/95), 664 So.2d 420.
Inin United States v. Matlock, 415 U.S. 164, 94 S.Ct. at 993, 39 L.Ed.2d 242, the United States Supreme Court made clear that someone who has common authority over a residence, described as “mutual use” and “joint access and control for most purposes,” may consent to a search that is valid as against a co-occupant. Inherent in that analysis, however, is the requirement that the third party must possess common authority over the residence at issue.
In State v. Addison, 05-378 (La.App. 5 Cir. 12/27/05), 920 So.2d 884, 892-93, writ denied, 06,4087 (La.11/9/06), 941 So.2d 36, the defendant suggested that the officers’ search of his girlfriend’s home after he had given consent was illegal because he did not reside, in the .house, and therefore, he did not have -the authority to consent t.o the. search. This Court determined that the information available to police supported the officers’ reasonable belief that the defendant resided at his girlfriend’s home, and thus, he had the authority to consent to the search of the residence.
-By analogy, though the search in Addison was of a house, not a motel room, the facts presented in defendant’s case lead to a similar conclusion. Agent Buttone testified that on March 13, 2014, he-was assisting Agent Washington and other narcotics agents at the Siesta Motel located ‘on the Westbank Expressway.. He testified that he searched defendant after he.was placed under arrest and found crack cocaine and U.S. currency on defendant’s person. After finding narcotics on defendant’s person, Agent Buttone went to the motel room where defendant was staying. When he arrived at the room, .he obtained a signed consent to search form from Ms. Nash, who was present in the room.[3] Agent Buttoné stated that he believed Ms. Nash had the-ability to consent because she was in the locked room and she “obviously had permission to be in the room.” He testified that he felt her 17consent was freely and voluntarily given. At no time did he force, threaten, or coerce Ms. Nash into signing the consent form. He also stated' he did not make her any offers in exchange for signing the consent form. Agent Buttone' stated that he removed “green vegetable matter,” a black digital *900 scale, plastic, baggies, and “paperwork" from the motel room.
Defendant'testified at the suppression hearing that he denied the officers permission to search the motel' room. He also stated that he believed Ms. Nash was forced -to give consent to the search, because when the police arrived at the room, she was naked,-[4] the police forced entry into the room, and ransacked it while she was “screaming and hollering.” Although defendant could not see what was happening, he- testified that he could- hear the encounter. Agent Buttone, however, testified, that he did not recall Ms. Nash being naked when he arrived at the motel-room, though he may have allowed her to dress, and did not mention Ms. Nash screaming.
In the present case, the facts show that Ms. Nash appeared to the police to have the authority: to consent to the search of the room in which she was staying even though defendant claimed the room was •his. Under the circumstances, the trial-court did-not err in finding that Ms. Nash was the kind of co-occupant who was authorized to give consent, provided that consent was free and voluntary,
In order to rely on consent to justify a warrantless search, the State has the burden of proving that the consent was given freely and voluntarily. State v, Joseph 04-1240 (La.App. 5 Cir. 4/26/05), 901 So.2d 590, 597, writ denied, 05-1700 (La.2/3/06), 922 So.2d 1176. Voluntariness is á question of fact to be determined by the trial judge under the totality of the circumstances. Id.
lain the present case, Agent Buttone testified that at no time did he force, threaten, or coerce Ms. Nash into signing the consent form. He also stated that he did not make her any offers in exchange for signing the consent form., Agent But-tone testified that he felt Ms. Nash’s consent was freely and voluntarily given. Ms. Nash did not testify at the hearing, despite being subpoenaed to appear at trial. The trial court apparently chose to believe the officers’ version of the encounter, rather than defendant’s.
Additionally, the search appears to have been reasonable under Illinois v; Rodriguez, supra. -The police in the present case testified that they believed' Ms. Nash had the' authority to consent to the search of the room since she was present in the room, had locked the door, and defendant conceded that she was there using the room with -him. Accordingly, we find no abuse-of discretion in the trial court’s ruling denying the motion to suppress.

Disclosure of Confídential Informant's Identity

Defendant'also argues in this assignment of error that the trial court erred in not revealing the identity of the Cl who participated in a hand-to-hand transaction with defendant days before defendant’s arrest. The State argues that defendant did not establish exceptional circumstances that would allow for revelation of the identity of the OI to defendant. The State asserts that under the particular facts' of this case, the court did not err in withholding the identity of the Cl from defendant.
• Louisiana Code of Evidence article 514(A) provides as-follows:
■The United States, a state, or subdivision thereof has a privilege to refuse to disclose, and to protect another from required disclosure of, the identity of a person who has furnished information in order to assist in an investigation of a possible violation of a criminal law.
As a general rule, an informant’s identity is privileged information. *901 State v, Clark, 05-61 (La.App. 5 Cir. 6/28/05), 909 So.2d 1007,1014, writ denied, 05-2119 (La.3/17/06), 925 So.2d 538. This privilege is founded upon public policy and seeks to further and protect the public interest and law enforcement by encouraging people to supply information to the police by protecting their anonymity. Clark, 909 So.2d at 1014-15. However, exceptions to this privilege exist. See La. C.E. art. 514(0). The identity of an informant should be made known to the accused only when his right to prepare his defense outweighs the need for protection of the flow of information. Clark, 909 -So.2d at 1015. The burden is on the defendant to show exceptional circumstances warranting disclosure of th¿ name of a confidential informant. The trial court is afforded' great discretion in making this determination. Id, When an informant has played a crucial role in the criminal transaction, and when his or her testimony is necessary to ensure a fair trial, disclosure of the informant’s identity should be ordered. Id, Conversely, when an informant only supplies information and does not participate in the transaction, disclosure is not warranted. Id,
In State v. Smith, 09-259 (La.App. 5 Cir. 11/24/09), 28 So.3d 1092, 1098, writ denied, 10-1414 (La.6/24/11), 64 So.3d 212, this Court found that the defendant was not entitled to know the informant’s identity. This Court recognized that the affiant of the probable cause affidavit and search warrant observed a transaction between the defendant and the CI firsthand. This Court explained that the charge in the matter was based on the.cocaine found when the search warrant was executed, and was not based on the evidence seized from the controlled buy between the defendant and the CI. As such, this Court found no error in the trial court’s rulings on the issues involving the CI.
Based on the foregoing, defendant has failed to show that he was entitled to know the identity of the CI. Even if the CI was a partial source of identifying defendant, the officers themselves had access to arrest warrants already in Inexistence for defendant. The charges in this case were based on the evidence found when the officers arrested defendant on his outstanding attachments, and not on the evidence seized from the controlled buy between defendant and the. CL Additionally, the trial judge limited the officer’s testimony regarding the controlled buy to only that which he witnessed firsthand. Agent Washington testified that he personally observed the controlled buy between the informant and defendant. Therefore, defendant Med to present evidence of exceptional circumstances'that required disclosure of the informant’s identity.
This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR

In a pro se assignment of error, defendant argues that the trial court erred when it denied the suppression of evidence due to an illegal/unlawful stop and the officers’ breach of duty.[5] However, the record does not reflect that the court ruled on the validity of defendant’s arrest.[6] In a Crosby appeal, a defendant is limited to appellate review of particular, adverse pretrial rulings. The trial court did not rule *902 upon the validity of defendant’s arrest or the seizure of the cocaine found on his person; therefore, the issue of the validity of defendant’s arrest was not properly preserved for appellate review.
Defendant, in his pro se brief, also briefly states that the evidence was insufficient to support his conviction. However, this Court has established that a plea of guilty by its nature admits factual guilt and relieves the State of the necessity of proving it by a contested trial. Therefore, because defendant pled guilty, he cannot challenge the sufficiency of the evidence on appeal. State v. Gates, 13-206 (La.App. 5 Cir. 10/9/13), 128 So.3d 417, 421.
biTliis assignment of error is without merit.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). The following matter requires action.
The Uniform Commitment Order is inconsistent with the minute entry and the transcript. The Uniform Commitment Order states that defendant is to serve sixteen years of his sentence on the habitual offender bill of information without the benefit of probation, parole, or suspension of sentence. However, both the transcript and the minute entry state that only the first two years of defendant’s sentence on the habitual offender bill of information are to be served without the benefit of probation, parole, or suspension of sentence, while the entire six.teen-year sentence is to be served without the benefit of probation or suspension of sentence. The Uniform Commitment Order is therefore inconsistent with the transcript and the minute entry. According to State v. Lynch, 441 So.2d 732, 734 (La.1988), if “there is a discrepancy between the minutes and the transcript, the transcript must prevail.”
This Court has previously remanded a case for correction of the Uniform Commitment Order in an errors patent review. See State v. Lyons, 13-564 (La.App. 5 Cir. 1/31/14), 134 So.3d 36, writ denied, 14-0481 (La.11/7/14), 152 So.3d 170 (citing State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142). Accordingly, we remand this matter and hereby order the district court to correct the Uniform Commitment Order to reflect that only the first two years of the sentence on the habitual offender bill of information are to be served without the benefit of probation, parole, or suspension of sentence, and the entirety of the sentence is to be served without the benefit of probation or suspension of sentence.
|12We also direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections’ Legal Department. See Long, 106 So.3d at 1142 (citing La.C.Cr.P. art. 892(B)(2)).

CONCLUSION

For the foregoing reasons, defendant’s convictions and sentences are affirmed. The matter is remanded to the district court for correction of the Uniform Commitment Order and for further action as noted above.

AFFIRMED; REMANDED WITH INSTRUCTIONS

. State v. Crosby, 338 So.2d 584 (La.1976) (on an appeal from a conviction and sentence founded upon a plea of guilty, the court may consider an assignment of error properly reserved for review at the time of the plea -of guilty).

. On the date of the suppression hearing, the State corrected the bill of information to reflect the proper date of the alleged offenses.

. In brief, defendant refers to Ms. Nash as a prostitute; the record, however, contains no such indication. ■

. According to defendant, the two were planning on having sexual relations in the room,

. Though defendant characterizes his initial contact with the officers as a "stop,” it was actually an arrest, since the officers were acting upon outstanding warrants for defendant’s arrest.

. Defendant entered a guilty' plea under Crosby; therefore, the pretrial motion hearing is .the only,record presented for review, since the case did not proceed to trial.